# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **DONNA B. CRAWFORD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | Civil Action Number |
| **NANCY A. BERRYHILL, Acting** | ) | **2:17-cv-01683-AKK** |
| **Commissioner of the United States** | ) | |
| **Social Security Administration** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Donna Crawford brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). The court finds that the Administrative Law Judge's ("ALJ") and the Appeals Council's decisions—which have become the decision of the Commissioner—are supported by substantial evidence. Therefore, the court **AFFIRMS** the decision denying benefits.

### I. PROCEDURAL HISTORY

On July 2, 2014, Crawford filed an application for a period of disability and disability insurance benefits (DIB), alleging a disability beginning February 20, 2009. R. 118-25. After the denial of her application, R. 62-67, Crawford requested

1

a hearing before an ALJ. R. 68-69. The ALJ ultimately denied Crawford's claim, finding that Crawford was not disabled under the Act. R. 34-51, 7-24. This became the final decision of the Commissioner when the Appeals Council refused to grant review. R. 1-6. Crawford then filed this action pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). Doc. 1.

## II. STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *See Richardson v. Perales,* 402 U.S. 389, 390 (1971); *Wilson v. Barnhart,* 284 F.3d 1219, 1221 (11th Cir. 2002). Substantial evidence falls somewhere between a scintilla and a preponderance of evidence, and this court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). The ALJ's decision is supported by substantial evidence if it is based on "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)).

If supported by substantial evidence, the Commissioner's factual findings must be affirmed "[e]ven if the evidence preponderates against the Commissioner's findings. . . ." *Id.* (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). The ALJ's legal conclusions, however, are reviewed *de novo*, "because no presumption of validity attaches to the [ALJ's] determination of the proper legal standards to be applied." *Davis v. Shalala,* 985 F.2d 528, 531 (11th Cir. 1993). While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining the proper legal analysis has been conducted, the ALJ's decision must be reversed. *See Cornelius v. Sullivan,* 936 F.2d 1143, 1145–46 (11th Cir. 1991).

### III. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months[.]" 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i)(I)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological,

or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The disability must have begun on or before the date that the individual was last insured for disability benefits. 42 U.S.C. § 423 (a)(1)(A), (c)(1).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. § 404.1520(a)-(f). Specifically, the Commissioner must determine in sequence:

(1)    whether the claimant is currently unemployed;

(2)    whether the claimant has a severe impairment;

(3)    whether the impairment meets or equals one listed by the Secretary;

(4)    whether the claimant is unable to perform his or her past work; and

(5)    whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id*. at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

## IV. FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

At step one, the ALJ found that Crawford has not engaged in substantial gainful activity since the alleged onset date of disability. R. 12. At step two, the ALJ found that Crawford had severe impairments of obesity and osteoarthritis, as well as various non-severe impairments. R. 12-15. At step three, the ALJ found that Crawford's impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. R. 15-16.

Before proceeding to step four, the ALJ found, based on the entire record, that Crawford had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b), except that she requires jobs that allow a change of posture from an upright (standing and walking) to a seated posture as frequently as every 30 minutes. R. 16-18. At step four, the ALJ found that Crawford was unable to perform any past relevant work. R. 18. Based on Crawford's age, education, work experience, RFC, and the testimony of a vocational expert, the ALJ found that jobs existed in significant numbers in the national economy that Crawford could have performed, including the representative occupations of marker, router, and cashier. R. 19-20. Therefore, the ALJ concluded that Crawford was not disabled as defined by the Act. R. 20.

## V. ANALYSIS

The only issue on appeal is Crawford's contention that the ALJ erred by assigning "little weight" to the opinion of Dr. William Kirby, Crawford's treating physician. Doc. 9 at 6-11. At issue is Dr. Kirby's opinion in a questionnaire he filled out in which he circled an answer choice indicating that Crawford "cannot work" full time. R. 677. This statement is the primary basis for Crawford's claim that she is disabled and her contention of alleged error.

A treating physician's opinion is generally entitled to more weight than that of a non-treating physician, and an ALJ must provide good reasons for the weight given to a treating doctor's opinion. 20 C.F.R. § 404.1527(c)(2); *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) ("Absent 'good cause,' an ALJ is to give the medical opinions of treating physicians 'substantial or considerable weight.'" (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997))). However, an ALJ may discount a treating physician's opinion when it is conclusory, is not supported by objective medical evidence, is inconsistent with the medical record as a whole, or the evidence otherwise supports a contrary finding. *See* 20 C.F.R. § 404.1527(c); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159-60 (11th Cir. 2004). Moreover, although a physician's opinion is relevant evidence, "[a] claimant's [RFC] is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not

6

dispositive." *Beegle v. Soc. Sec. Admin., Comm'r*, 482 F. App'x 483, 486 (11th Cir. 2012) (citing 20 C.F.R. § 404.1527(d)(2)). Similarly, physician opinions on whether the claimant is "disabled" or "unable to work" are not given "any special significance" because they are "opinions on issues reserved to the Commissioner." 20 C.F.R. § 404.1527(d).

Here, in determining Crawford's RFC, the ALJ validly discounted Dr. Kirby's opinion. The ALJ indicated that his rejection of Dr. Kirby's opinion was based on its inconsistency with the medical record for the relevant period—from the alleged onset of disability on February 20, 2009 to the date Crawford was last insured on June 30, 2010. R. 10, 18, 53. This constitutes "good cause" for rejecting a treating physician's opinion. *See Crawford*, 363 F.3d at 1159-60 (finding that a treating physician's opinion was properly discounted where it was inconsistent with his own treatment notes and unsupported by the medical evidence).

The ALJ's reasoning is supported by substantial evidence. First, as the ALJ noted, the medical records from February 20, 2009 through June 30, 2010 do not reveal any physical restriction other than Crawford's temporary use of an assistive device after her fall in July 2009. R. 18. Dr. Stuart Padove's July 2009 letter and medical notes state that Crawford was in a wheelchair and had a cast on her right arm and a boot on her left leg. R. 224-25. That same month, imaging of Crawford's left ankle, which she injured in a fall, showed no acute fracture or dislocation and

only mild soft tissue swelling. R. 194. By August 2009, Crawford appears to have progressed to using only an ankle brace and an arm cast, *see* R. 193, and the subsequent medical records do not mention that she needed any assistive devices for her leg or arm.[1] *See* R. 179-226.

Second, as the ALJ also pointed out, imaging records during this period contradict Dr. Kirby's assessment of Crawford's physical limitations. *See* R. 17-18.[2] Specifically, in June 2009, Dr. Wilton Holman noted that x-rays of Crawford's lumbar spine revealed "normal" paraspinal soft tissues, no significant hypertrophic changes, and minimal degenerative disk disease. R. 208. In September 2009, Dr.

---

[1] The medical record also mentions that Crawford initially appeared to have a problem sealing her continuous positive airway pressure (CPAP) machine on her face to treat her sleep apnea. R. 185. However, there is no indication from any of the other records that this problem persisted.

[2] Crawford also contends that the ALJ erred by purportedly relying on "other treating source medical records" without specifying the "other treating source." Doc. 9 at 8-9 (quoting R. 18). The sentence in the ALJ's opinion that Crawford refers to is: "Furthermore, this opinion is not consistent with Dr. Kirby's own treatment records and other treating source medical records during the relevant period (Exhibits 1F, 2F, and 4F)." R. 18. However, a fair reading of this sentence, the exhibits cited therein, and the rest of the ALJ's opinion indicates that the ALJ was referring to imaging studies and other reports from Dr. Padove, Dr. Holman, and Dr. Bromberg that supported his assessment of Crawford's RFC and rejection of Dr. Kirby's opinion. *See* R. 17-18, 186, 208, 219-21. Moreover, even if this sentence were unclear, the ALJ sufficiently articulated other valid grounds for rejecting Dr. Kirby's opinion. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is 'not enough to enable [the district court . . .] to conclude that [the ALJ] considered her medical condition as a whole.'" (citation omitted)).

Edward Bromberg observed that magnetic resonance imaging (MRI) of Crawford's left knee revealed "an osteochondoral defect in the lateral femoral condule," but stated that he did not believe this defect was related to the pain Crawford was experiencing and that the defect was "probably an early manifestation of a degenerative arthritic process." R. 219-21. Finally, in November 2009, Dr. Holman reported that x-rays of Crawford's left knee showed "no acute fracture or dislocation," soft tissues that were "unremarkable," and "mild degenerative changes without further significant findings." R. 186.

Third, as the ALJ observed, multiple records from the relevant period suggest that Crawford was responsive to treatment, which further undermines Dr. Kirby's opinion. *See* R. 18; *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (finding good cause existed to reject testimony of treating physician where that testimony was inconsistent with physician's notes and plaintiff's reports that she "overall felt good"). Indeed, the record is replete with entries chronicling improvement. For example, in July 2009, Crawford reported to Dr. Kirby that her back pain was improved, that "[s]he felt better after her first phlebotomy," and that she was "overall doing alright." R. 196. Two months later, Dr. Bromberg noted in a letter to Dr. Kirby that when he applied topical Ketoprofen to Crawford's knee, she experienced "some relief." R. 219. In November 2009, although Dr. Kirby noted that Crawford was enduring "some knee pain" and a "terribly pruritic" rash

on her hands, he also observed that Crawford was "overall doing alright" and experiencing "improved LLE pain" that was "MUCH better." R. 189. And, in February 2010, while Crawford reported that "overall she's doing alright but still has pain in her bilateral knees . . . [and] low back pain," Dr. Kirby noted that Crawford's "discomfort with straight leg raise bilaterally . . . appears to be due more to inflexibility and she doesn't describe the pain as a shooting pain but more of a tightness in the back of her thigh." R. 184.

Put simply, good cause existed for the ALJ's decision to give little weight to Dr. Kirby's opinion. Therefore, there is no reversible error.

## VI. CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's determination that Crawford is not disabled is supported by substantial evidence, and that the Commissioner applied the proper legal standards. The Commissioner's final decision is **AFFIRMED**. A separate order in accordance with this memorandum of decision will be entered.

**DONE** the 14th day of December, 2018.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE